**KENNEDY v. GRAYBAR ELECTRIC CO.**

No. 14302.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 28, 1941.

Israel Smith, of Tyler, for appellant.

Lasseter, Simpson, Spruiell & Lowry, of Tyler, and Fred J. Dudley, of Dallas, for appellee.

BROWN, Justice.

Jim Kennedy and Chloe E. Kennedy are husband and wife, and in the year 1936, Jim Kennedy purchased a share of stock in Dogwood Hollow Club, situated near the City of Tyler in Smith County. Such membership in this club entitled the owner to a certain lot or tract of land on which he could erect his own lodge, or club house, at his will.

Kennedy built such a lodge and under the rules and by laws of the corporation, his wife was entitled to all of the privileges that were his because of being owner of said share.

On June 28th, 1938, Graybar Electric Company, Inc., recovered judgment against Kennedy in a Dallas County District Court for $1,812.25, and on the 17th day of October, 1938, an execution was issued on said judgment, and on the 28th day of such last named month the officer, in whose hand the writ was placed, levied upon the one share of stock in said Club, being certificate No. 13, as the property of Jim Kennedy and upon the property owned by Kennedy by virtue of his ownership of the certificate of stock.

Mrs. Chloe E. Kennedy then filed a claimant's oath and bond, asserting title to the stock in herself.

The officer levying the writ estimated the property so levied upon as being worth, according to his assessment, the sum of $1,812.25.

The claimant's bond was made in the sum of $4,000, to cover the estimated value and all costs.

Graybar Electric Company joined issue with the said claimant and pleaded facts which, if true, constituted a complete defense to her claim.

This corporation in its pleading designates itself as "Graybar Electric Company, Inc., a corporation".

To this pleading the claimant filed a "plea in abatement", alleging "that defendant does not allege sufficiently its capacity, whether it is a Texas corporation or whether it is a foreign corporation and if it has a permit to do business in Texas".

The cause being tried to a jury, after all evidence was heard, Graybar Electric Company requested the court to give an instructed verdict in its favor.

Such charge was given and on the instructed verdict the trial court rendered judgment against the said claimant, and such judgment reads: " * * * and that the amount of claimant's claim is the sum of $1812.25, an amount in excess of the value of the property herein involved * * * it is therefore ordered, adjudged and decreed that the said Graybar Electric Company, a Texas corporation, do have and recover of and from the said Mrs. Chloe E. Kennedy, and John H. Pope and S. P. Burke, sureties on claimant's bond, the sum of Eighteen Hundred Twelve and 25/100 ($1812.25) Dollars with interest, etc."

The judgment further provides that no execution issue for ten days and that the judgment may be satisfied by a return of the property, etc.

An appeal was taken to the Court of Civil Appeals for the Sixth District, and the cause was transferred to this court by the Supreme Court.

Two points are presented: (1st) That the trial court erred in not sustaining the said plea in abatement. We do not find where such plea was ever presented to or acted upon by the trial court, and we cannot consider the assignment of error. This plea was waived by the claimant.

(2nd) It is urged that the trial court erred in rendering judgment for Graybar Electric Company against the claimant and the sureties on her bond in the sum of $1,812.25.

The point is well taken.

Article 7420 (Rev.Civ.Statutes) provides that where the claimant fails to establish his right thereto judgment shall be rendered against him and his sureties *for the value of the property* (italics ours), with legal interest thereon from the date of the bond.

Article 7417 (said statutes) provides that in case the claimant fails to establish his right to the property the court shall give judgment against all of the obligors in the claimant's bond for ten per cent damages *on the value of the property* (italics ours), and Article 7418, which follows, provides that when the value is greater than the amount claimed under the writ, by virtue of which such property was levied upon, the damages shall be on the amount claimed under such writ.

The only evidence sought to be adduced touching the value of the property levied upon comes from the lips of Jim Kennedy, and when he was asked to state the value he placed it "at about $800.00".

The estimate or "assessed" value placed on the bond by the officer levying the writ .furnishes no evidence whatever of the true value and is necessarily binding on none of the litigants.

There is no evidence in this record on which the trial court could find the value of the property to be the sum of $1,812.25.

For the reason given the judgment of the trial court is reversed and the cause is remanded for a new trial on the sole issue of the market value of the property levied upon at the time of the trial. Coward v. Sutfin et al., Tex.Civ.App., 185 S.W. 378 (quoting from Supreme Court).

Reversed and remanded for a new trial not inconsistent with the conclusions here reached.