## WILLOUGHBY v. McKINZIE.
### No. 2807.

Court of Civil Appeals of Texas,
Tenth District, Waco.

Aug. 12, 1948.

Williford & Williford, of Fairfield, for appellant.

Bowlen Bond and Ellen Victery, both of Teague, and H. Grady Woodruff, of Decatur, for appellee.

LESTER, Chief Justice.

Appellee, A. C. McKinzie, sued N. B. Moody on a note in the sum of $6000.00, which he had executed to the appellee. Thereafter, appellee procured a writ of attachment, which was executed on the 5th day of August, 1947 by leving upon a 1946 model Plymouth automobile as the property of said Moody. On the 9th of August, F. A. Willoughby executed his claimant's oath and bond, claiming to be the owner of the automobile levied upon, and the possession of said car was delivered to him. Thereafter, Willoughby filed suit for the trial of right of title to said car, claiming that he had purchased the same from Moody prior to the date of the levy of the writ of attachment, and by consent of the parties the two suits were consolidated.

The jury found in answer to Special Issue No. 1 that Moody had not sold and delivered the Plymouth automobile to Willoughby. Based upon the uncontradicted evidence the court rendered judgment for appellee for the amount of the note, together with interest and attorney's fees against Moody. The court's judgment also provided: "The court finds from the uncontroverted evidence that the value of the property in controversy, that is, one 1946 Plymouth four-door sedan, Motor No. P-15-13567, 1947 License No. FF-4565, is of value of $1750.00", and judgment was rendered against Willoughby and the sureties upon his bond for the sum of $1750.00, with six per cent interest from the 9th day of August, 1947. Willoughby perfected his appeal to this court, asserting that there was no evidence as to the value of the automobile as of the date of trial.

■ The only evidence relating to the value of this car was given by Willoughby while he was testifying to the circumstances under which he claimed to have bought the car from his father-in-law, N. B. Moody, on July 15, 1947, when he was asked the following question: "Q. Mr. Willoughby, was $1750.00 the reasonable,

cash market value at that time of that automobile in Gregg County, Texas", to which the witness answered: "I think so because some automobiles just like it sold for $2300.00 to my knowledge." This evidence referred to the value of said automobile on or about the 15th of July, 1947, approximately six months prior to the date of the trial which was on January 6, 1948. The rule is that the value of the property must be fixed as of the date of the trial and not of the date it was purchased. Kennedy v. Graybar Electric Co., Tex. Civ.App., 156 S.W.2d 562; Coward v. Sutfin et al., Tex.Civ.App., 185 S.W. 378; Rule 732, Texas Rules Civil Procedure.

▮ Moody executed a deed of trust to secure the $6000.00 note sued upon, which provided that it was subject to a prior lien of $2000.00; but a copy of the note was placed over said clause and said copy at each upper end was bradded to the deed of trust and the clause could not be seen without raising the note. Appellee did not attempt to foreclose his lien and his pleadings and the pleadings of the appellant or Moody did not mention or refer to the deed of trust in any manner, nor did appellee refer to it on direct examination, but counsel for appellant, and who was also counsel for Moody, began his cross-examination of appellee by asking him: "Did you take a deed of trust when you took the note", to which the witness answered "Yes, sir." "Q. There has been no proceedings under that deed of trust, so far as you know, that right?", to which the appellee testified that as far as he knew there had not been. On re-direct examination appellee testified that the reason no proceedings were had to foreclose the deed of trust lien was that he found out that Moody had given a prior mortgage on the land covered by the deed of trust. Appellant's counsel then took the appellee on re-cross and brought out the facts about the note being pinned over the clause, "subject, however, to a prior lien of $2000.00." Neither appellee nor his counsel had anything to do with the preparation of the deed of trust and note, but they were prepared by a party selected by Moody. Appellee also introduced in evidence an affidavit which Moody admitted that he signed and swore to, stating "that he is the owner of Lot No. 16 in Block No. 99 of the Campacuas Addition to the Capsiallo District out of the Llano Grande Grant, Hidalgo County, Texas. Affiant further says that there are no liens of any kind or character against said above mentioned real estate and that all liens affecting said real estate have been paid off and fully satisfied other than the lien given to A. C. McKinzie of date April 17, 1946, which is described in the deed of trust." Appellant's counsel, referring to the party who prepared the deed of trust, asked Moody: "Did you instruct him in the preparation of this deed of trust?", to which the witness answered "Yes, sir." "Q. What did you tell him, if anything, to place in the deed of trust? A. I told him I owed $2000.00, or a fraction more, against it." An objection was made to the above question and answer and the court sustained the same, and appellant now assigns as error the action of the court in refusing to permit the witness to testify that he told the party who prepared the deed of trust to insert in the instrument that it was a first lien against the land. The appellant brought out the facts concerning the deed of trust when it was absolutely immaterial to any issue of the case as reflected by all of the pleadings of the parties, and the further fact that the clause referred to was inserted in the deed of trust leaves appellant's assignment without merit.

For the failure to establish the value of the automobile in question as of the date of the trial, that part of the judgment is reversed and the cause remanded for a new trial on the issue of the market value of said automobile at the time of the trial. In all other respects, the judgment of the trial court is affirmed.