See also 304 S.W.2d 147.

TEXAS GENERAL INDEMNITY
COMPANY, Appellant,

v.

Audrey R. ROBISON, Appellee.

No. 5419.

Court of Civil Appeals of Texas.

El Paso.

Oct. 19, 1960.

Rehearing Denied Nov. 23, 1960.

Bailey & Montgomery and Robert E. Montgomery, Stubbeman, McRae, Sealy & Laughlin; F. H. Pannill, Midland, for appellant.

Ramsey, Barber & Smith, Andrews, Justice, Justice & Kugle, Athens, for appellee.

ABBOTT, Justice.

This cause was filed by appellee, plaintiff below, in the District Court of Andrews County, Texas, as an appeal from an award of the Industrial Accident Board of this State, alleging the requisite jurisdictional facts, and alleging that appellee had, on June 26, 1954, while in the course of his employment with a firm called "Frank Montgomery Dirt Contractor", sustained an injury to his back as a result of jumping off of a road grader, or maintainer. It was alleged that the injury was the result of an accident, and that said injury resulted in disability that was total and permanent in nature. It was undisputed that appellant had a policy of workmen's compensation insurance at the time of the accident.

Appellant filed a general denial and further answered denying that appellee had received any accidental injury, and that if there was anything wrong with appellee's back, it was the result of a congenital condition that had existed since birth. The jury received the case and answered the special issues, finding that appellee had sustained an accidental injury while employed by appellant, and that, as a result of said injury, appellee was totally and permanently disabled. As a result of such finding, the court wrote its judgment awarding appellee the proper amount; and from that judgment appellant has perfected its appeal and is properly before this court, bringing twelve points of error. We shall group them in the same manner as appellant has done in his able brief.

Appellant complains, in Point 1, that the court erred in admitting, over proper objection, evidence as to the back-ground, family status and prior work history of appellee, as such evidence was immaterial and prejudicial to the rights of appellant, particularly in view of a stipulation entered into

by the parties stating, in part: "that no evidence as to his need or hardship shall be offered on the trial of this case, *save and except such evidence as may be admissible on some other issue or theory."* We do not believe that the testimony given by appellee violated the stipulation. There was no testimony as to hardship or need, but rather testimony to offset the pleadings of appellant as to a congenital condition and the denial of an injury. The preliminary questions asked as to his background, in our opinion, do not constitute that degree of sympathy or prejudice calculated to inflame the jury.

17 Tex.Jur. 350, Evidence-Civil Cases, sec. 116.

■■ Appellant's second assignment of error is to testimony relating to certain proceedings before the Industrial Accident Board of the State of Texas. The testimony complained of is that of Frank Montgomery, the employer of appellee, and also acting in the capacity of a representative of the appellant insurance company. The testimony was given on cross-examination and, without repeating the testimony, we note that the witness voluntarily brought the name and actions of the Industrial Accident Board into the record. In our opinion, the questions being asked of this witness were not the cause of the answers given. It has long been the rule in this State that a party being responsible for the testimony given cannot later complain of the answers elicited as a result thereof. 4 Tex.Jur.2d 280, Appeal and Error, sec. 769; Red Star Coaches v. Lamb, Tex.Civ.App., 41 S.W.2d 523; Willoughby v. McKinzie, Tex.Civ. App., 213 S.W.2d 322. Accordingly, we overrule the second assignment of error.

■ The third assignment of error is to the trial court's granting of a motion to exclude any reference to the curative effects of a surgical operation, claiming that the undisputed evidence shows that there was no claim for a personal injury pending before the Industrial Accident Board that would put appellant to an election as to whether to admit liability and tender a surgical operation, or not.

It is admitted in the testimony of appellant that it received a notice of injury and a claim for compensation form from appellee, a copy of that sent to the Industrial Accident Board. Appellant alleges that because of the claim of injury made before the Industrial Accident Board—that is, "injury to lower region of back"—appellant had no possible way of determining whether or not it should tender an operation. There seems no dispute as to the fact that appellee was available for a physical examination at almost any time by appellant, but that appellant did not request such examination until just prior to the first trial of this case. Such request for examination was granted by appellee. It is clear in this case that no surgical benefits were offered appellee while his case was pending before the Industrial Accident Board, and in fact, no surgical benefits were ever offered—just the offer of testimony at the time of the trial that such surgery would be beneficial.

By refusal to grant writs, we believe the Supreme Court of Texas has established the law on this point in: Texas Employers Ins. Ass'n v. Kubiak, Tex.Civ.App., 276 S.W.2d 909; American General Ins. Co. v. Quinn, Tex.Civ.App., 277 S.W.2d 223; General Accident Fire & Life Assur. Corp. v. Coffman, Tex.Civ.App., 326 S.W.2d 287. Also: Texas Employers Insurance Ass'n v. Henry Shelton, Tex., 339 S.W.2d 519; Truck Insurance Exchange v. Chas. Seelbach, Tex., 339 S.W.2d 521.

Appellant has cited, as authority, the decisions of the Fifth Circuit, in cases arising in Texas; National Surety Corporation v. Bellah, 245 F.2d 936, and Wilke v. Security Mutual Casualty Co., 262 F.2d 419; but, as pointed out by Justice Tirey of the Waco court, refusal to grant writs by the Texas Supreme Court in the Kubiak, Quinn and Coffman cases (supra), as well as the cases reported in the Supreme Court Journal (as cited above), has established the Texas law as to the admission of this type of evidence.

Appellant's third assignment of error is overruled.

 Appellant has grouped and discussed Points 4 through 10 together, and we shall consider them the same way. These seven assignments of error are directed to the submission of special issues inquiring into two prior injuries of appellee. Article 8306, section 12c, of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 8306, § 12c, lays down the rule concerning prior injuries and their effect on the amount of incapacity. In the case at bar, two previous injuries were testified to by appellee. There had not been any compensation for either of those two injuries. Appellant did *not* affirmatively plead a prior existing condition because of those two injuries. Special Issues 15 and 17 were to inquire if appellee's incapacity, if any, was caused by the two previous injuries. The jury answered in the negative. Issues 16 and 18 inquired as to the percentage of disability, if any, caused by the previous injuries, and the jury answered, "None". Issue 18 inquired into a congenital anomaly, if any, and the jury found none. We believe the issues submitted in conjunction with the court's instructions and definitions were properly presented. Indemnity Ins. Co. of North America v. Carrell, Tex.Civ.App., 318 S.W. 2d 744; Trinity Universal Ins. Co. v. Jolly, Tex.Civ.App., 307 S.W.2d 843.

The appellant, concerning the above issues, argues that the issues, as submitted, place the burden of proof upon appellant to prove that the previous injuries contributed to the disability, and that the burden was properly upon appellee to prove that they did not so contribute. We believe the issues submitted were proper, in view of the pleadings and evidence. Assignments 4 through 10 are overruled.

Point of Error No. 11 has been answered above, and is overruled.

 Point No. 12 argues that the hypothetical question asked of the appellee's doctor, and the answer elicited, was insufficient to prove a causal connection between the incident occurring at the time of the alleged injury and the physical condition claimed by appellee. The final question asked of the doctor was: "In other words, do you think the injuries you observed yesterday could have been caused by the episode of July 26, 1954?" The medical expert's answer was affirmative. This witness had not seen the appellee until shortly prior to the trial. The doctors of the first trial were either deceased or gone from the State.

We believe that the doctor's testimony, coupled with the testimony of other witnesses, such testimony corroborating that of the doctor, was sufficient to establish the necessary relationship. Texas & Pacific Ry. Co. v. Moore, Tex.Civ.App., 329 S.W.2d 293. The jury's answers to the necessary issues were in favor of the appellee, and we believe there is sufficient evidence to support them.

Having overruled appellant's assignments of error, we affirm the judgment of the trial court.