TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. J. J. TALLY ET AL.

Application No. 24004. Decided March 8, 1939.
(125 S. W., 2d Series, 544.)

*Sewell, Taylor, Morris & Garwood,* of Houston, *Greenwood, Moody & Robertson* and *Thos. B. Greenwood,* all of Austin, for plaintiff in error.

Bailey P. Loftin and C. M. Anderson, both of Houston, for defendant in error.

PER CURIAM.

This is a compensation case. It has been before this Court twice before. 129 Texas 134, 102 S. W. (2d) 180, (Com. App.), 48 S. W. (2d) 988. A full history of this litigation is contained in the above two opinions, and they are here referred to, and made a part hereof.

More than ten years ago Tally sustained an injury which resulted in a hernia. As shown by former opinion of this Court, the Board made an interlocutory award by the terms of which Tally was required to submit himself to a hernia operation. Texas Employers' Insurance Association, who was Tally's employer's compensation insurance carrier, gave formal notice that it would not abide such award, and attempted to appeal the interlocutory award. That appeal reached this Court, and in the opinion of the Commission (48 S. W. (2d) 988), it was in substance held:

If the injured employee in a hernia case is willing to submit to a hernia operation after the same has been ordered by the Board, and the insurance carrier liable therefor refuses to furnish it, such employee is entitled to compensation under the general provisions of our Compensation Law.

The opinion just mentioned dismissed that appeal, and the Board proceeded to make a final award. In making such award, the Board followed that part of the opinion just above referred to.

When the case was first tried in the district court, the court entered an interlocutory order requiring Tally to submit himself to a hernia operation. Tally attempted to appeal from such order, and that appeal reached this Court. 129 Texas 134, 102 S. W. (2d) 180, supra. In the opinion of this Court, on that appeal it was held:

"In view of the fact that under this decision this case is still pending and undisposed of in the district court, we deem it proper to express our views regarding the power of the courts in hernia cases. It will be noted from what we have said that the Accident Board is given certain powers and enjoined to perform certain duties in hernia cases where it finds that liability exists. In this regard the board has the right and power to enter interlocutory as well as final orders and awards. No such power is given the courts in such cases. In this regard,

when a hernia case reaches a court, the rights of the parties have already become fixed by the events previously transpiring, and the court only has the power and jurisdiction to finally try the case and enter one final judgment. The court in this case has no power to require a hernia operation."

In accordance with the above-quoted ruling, this Court reversed the judgments of both lower courts, and dismissed the appeal without prejudice to the right of either party to prosecute the cause to final judgment in the district court. After the rendition of the above opinion, the case was finally tried in the district court, and this appeal emanates from that trial.

An examination of the opinion of the Commission of Appeals (48 S. W. (2d) 988), supra, will disclose that it was there held that where, in a hernia case, the Board orders a hernia operation, and the injured employee is willing to submit to the same, but the insurance carrier liable therefor refuses to furnish it, such employee is entitled to compensation under the general provisions of our compensation law. By such ruling, this Court certainly held, and intended to hold, that such employee in such case is entitled to compensation as for a general injury.

An examination of the last opinion of this Court will disclose that we there held that the district court has no jurisdiction to order a hernia operation.

In the case at bar, as already shown, when the Board made its interlocutory award ordering Tally to submit himself to a hernia operation, the insurance carrier formally notified the Board that it would not abide such award, and attempted to appeal. In so doing such insurance carrier, as a matter of law, refused to furnish Tally with the hernia operation as ordered by the Board. It follows that if such carrier wrongfully refused to furnish such operation, it made itself liable to compensate Tally as for a general, and not a special, injury. Regardless of what may have been said by the Court of Civil Appeals in disposing of this appeal, this is the theory on which the district court tried this case.

The district court committed no error in refusing to allow the insurance carrier to prove that it offered to furnish Tally with a hernia operation. As already shown, such operation was refused by such carrier at the time it should have been furnished, and, under the facts of this record, any offer which such carrier may have made after the entry of the Board's final award came too late.

The application for writ of error is refused on the grounds set forth in this opinion.

Opinion delivered March 8, 1939.