FEDERAL UNDERWRITERS EXCHANGE v. D. A. THOMPSON.

No. 7722. Decided February 12, 1941.
Rehearing Dismissed and Agreed Judgment Entered March 26, 1941.
(148 S. W., 2d Series, 1092.)

*James F. Parker,* of Kountze, and *Gordon, Sharfstein, Bell & Weinert,* of Beaumont, for plaintiff in error.

The statutes do not permit a compensation claimant to recover under the general provisions of the Workmen's Compensation Act where such claimant refuses an operation ordered by the Industrial Accident Board, and plaintiff must allege his willingness to submit to an operation before the general provisions of the law would apply. Talley v. Texas Emp. Ins. Assn., 132 Texas 547, 125 S. W. (2d) 544; Texas Emp. Ins. Assn. v. Neatherlin, 48 S. W. (2d) 967; Federal Underwriters Exchange v. Arnold, 127 S. W. (2d) 972.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for defendant in error.

The defendant insurance carrier by denying liability before the Board, refused, as a matter of law, to comply with the provisions of the act making a hernia a specific injury, and is liable for compensation to plaintiff under the general provisions of the law. Federal Underwriters Exchange v. Bobbitt, 125 S. W. (2d) 1084; Columbia Casualty Co. v. Ray, 5 S. W. (2d) 230.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a Workmen's Compensation case. It was filed in the District Court of Hardin County, Texas, by D. A. Thompson against Federal Underwriters Exchange to recover compensation for injuries resulting from a hernia alleged to have been received by Thompson while working in the course of his employment for Peavy-Moore Lumber Company. Federal Underwriters Exchange was the Lumber Company's compensation insurance carrier. The Industrial Accident Board rendered a final award adverse to Thompson in toto, thereby refusing him

any compensation whatever. Thompson appealed to the district court, where he contended for and was awarded a judgment against the above-named insurance carrier as for a general injury. On appeal this judgment was affirmed by the Beaumont Court of Civil Appeals. 137 S. W. (2d) 106. The opinion of the Court of Civil Appeals makes a correct and comprehensive statement of the facts and issues involved. In the interest of brevity we refer to that opinion for a further statement.

A reading of the opinion of the Court of Civil Appeals in connection with our opinion in Cause No. 7721, National Mutual Casualty Company v. Thomas Jefferson Lowery, this day decided by this Court, this volume 188, 148 S. W. (2d) 1089, will disclose that the question as to whether Thompson should be compensated as for general injuries, is decided in favor of Thompson by our opinion in the Lowery case just mentioned. The ruling of the Court of Civil Appeals in this case is in harmony with our ruling in the Lowery case, supra.

We are in accord with the Court of Civil Appeals on the other question discussed by it.

The judgments of the district court and the Court of Civil Appeals are both affirmed.

Opinion delivered February 12, 1941.

On rehearing the judgment in this case was set aside; the judgments of the trial court and the Court of Civil Appeals were reversed, and an agreed judgment entered in accordance with motion on file, which was signed by all parties. Order entered March 26, 1941.