AMERICAN SURETY CO. OF NEW YORK
v. LEWIS.

No. 14627.

Court of Civil Appeals of Texas.
Fort Worth.

May 19, 1944.

Rehearing Denied June 16, 1944.

Todd, Crowley & Gambill, of Fort Worth, and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

Clark, Craik, Burns & Weddell, of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee Fred Lewis seeks recovery of workmen's compensation for a hernia. Judgment was rendered upon a jury verdict for fifty weeks' compensation. The insurer appeals.

In his notice of injury given to the Industrial Accident Board, appellee described his injury as follows: .

"Breaking down of old hernia which had commenced on same job on August 30, 1942."

In his claim for compensation filed with the Board, he described his injury as:

"Aggravation and completion of old hernia sustained on same job on August 30, 1942."

In his petition filed in the court below, appellee alleges that he sustained an injury while in the course of his employment, on March 29, 1943; that on or about August 30, 1942, while working on the same job for the same employer, he had previously sustained a potential or incompleted hernia on the left side; that he notified his employer of such injury and procured a truss and kept on working, believing that such injury was of a minor nature and would heal; that his original injury did not prevent him from performing the usual tasks of a workman; that following his injury on March 29, 1943, the potential hernia on his left side became completed and greatly enlarged, and a small hernia also appeared on his right side; that as a proximate result of the accident and injuries sustained on March 29, 1943, he has been totally disabled and incapacitated from working and earning money. It is further alleged that the insurer has not tendered him an operation and that plaintiff is unable to provide himself with medical and surgical care and attention. The petition seeks recovery of $250 as the reasonable cost of surgical care and hospitalization necessary to relieve such condition, and 100 weeks' compensation, the length of time which plaintiff alleges he will be incapacitated.

The jury were instructed not to make any allowance for the hernia suffered on the right side, presumably because no claim therefor had been made to the Board.

The jury found, in part, that appellee sustained an incomplete left inguinal hernia in the month of August, 1942, and that on March 29, 1943, he sustained an injury causing such incomplete hernia to become "aggravated or completed" on the latter date.

The insurer contends that it should have had an instructed verdict on the ground that the record shows without dispute that the hernia alleged to have been suffered on March 29, 1943, existed in some degree prior to that date. We think that the contention is sound.

Section 12b of Article 8306, Revised Civil Statutes, provides in part as follows:

"In all claims for hernia resulting from injury sustained in the course of employ-

ment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

Despite appellee's arguments to the contrary, it appears to us that the record shows without dispute that he sustained a hernia on August 30, 1942, although it did become enlarged on March 29, 1943. Appellee described his first injury as a hernia in the notice and in the claim filed with the Industrial Accident Board. He wore a truss from and after the first injury, and his testimony clearly shows that he could not get along without it. He suffered pain, which began to grow worse about a month before the injury of March 29, 1943. He was not examined by a physician after the first injury. He declined to make a report of the injury or to claim compensation because, his testimony shows, he preferred to continue to work at his usual wages rather than to collect compensation, on account of illness in his family. The present suit is not based on the first injury with good cause alleged for delay in asserting the claim.

 Travelers' Ins. Co. v. Washington, Tex.Civ.App., 5 S.W.2d 783; Bankers Lloyds v. Pollard, Tex.Civ.App., 40 S.W.2d 859, Jasper v. Liberty Mut. Ins. Co., Tex. Civ.App., 119 S.W.2d 386, and Winn v. Royal Indemnity Co., Tex.Civ.App., 163 S. W.2d 872, in all of which applications for writs of error were refused by the Supreme Court, are sufficient authority for the proposition that the four conditions set out in Art. 8306, § 12b, above quoted, must be met in order to establish liability when the injury is a hernia, producing those physical conditions which are the common and recognized results accompanying and following a hernia. The claimant in the case before us has failed, as a matter of law, to establish that the hernia suffered on March 29, 1943, "did not exist in any degree prior to the injury for which compensation is claimed." Art. 8306, Sect. 12b, subd. 3.

Appellee argues that the hernia did not exist before the accident of March 29,

1943, and that the injury suffered on August 30, 1942, was only a potential or incomplete hernia, and not one that would prevent recovery of compensation for hernia suffered on the later date. Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S.W.2d 291, is cited in support of this contention. The cited case is not controlling here because, if for no other reason, the facts are different. In the case now on appeal the evidence shows without dispute, as we construe it, that appellee suffered a hernia in some degree on the date of the first injury. He called it a hernia in his notice of injury and in his claim for compensation filed with the Board, he said that another employee told him that it was a hernia, he had to wear a truss in order to work, it was painful, and continued to grow more painful, and there is no evidence tending to show that it was anything other than a hernia. In the Schooley case the claimant's petition alleged that a hernia had been suffered, and his claim was based on such allegation, while, according to the opinion in the case, the evidence conclusively showed and the claimant admitted that he did not have a hernia, but only a condition that might predispose him to a hernia in the future. Under such facts it was held that his claim was for the general injury that he proved, and not for the hernia that he alleged.

Appellee stresses the argument that the first injury did not prevent him from continuing his work. That is not the test provided by the statute. The fact which the claimant must establish is that the hernia did not exist in any degree prior to the injury for which he claims compensation. As has been said, however, the first injury was a hernia of such character that appellee had to wear a truss thereafter in order to be able to work, and it was getting worse prior to the time of the second injury.

Ætna Life Ins. Co. v. Liles, 131 Tex. 383, 114 S.W.2d 534, cited by appellee, is not the same kind of case we have here. In the Liles case the claimant had had a hernia for a long time before he suffered the injury for which he claimed compensation. The injury for which compensation was claimed was a strangulation of the intestines. Compensation was claimed, not for a hernia, but for an injury in which the prior existing hernia was involved merely as a condition which may have made the later injury possible. In the case before us the injury for which com-

pensation is claimed is a hernia only, and it is neither alleged nor proven that the claimant has any injury other than a hernia.

Appellee appears especially to rely on the holdings in National Mut. Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, and Federal Underwriters Exchange v. Thompson, 136 Tex. 194, 148 S.W.2d 1092. Those cases do not undertake to decide the question before us. They concern a question of the amount of compensation, and not a question of liability for compensation. The holding in them simply is that the measure of recovery, or damages, is to be determined by the general provisions of the statutes, where the insurer does not tender an operation for hernia, and that recovery is not limited to either twenty-six weeks or fifty-two weeks compensation as is provided for in certain contingencies set out in the statute. Appellee seizes upon a statement in the Lowery opinion, appearing at page 1091 of the Southwestern Reporter, to the effect that "none" of the provisions of Section 12b of Article 8306 can be applied to the case. In the light of the facts of the Lowery case, that statement was correct, because there was no contention in that case that the four conditions set out in the first part of Section 12b, above quoted, had not been met. There was no contention, as we have here, that the hernia had existed in any degree prior to the injury for which compensation was claimed.

The duty of the insurer to provide an operation, or to pay compensation, exists only where the four named conditions have been met. The language of Section 12b is clear on this:

"In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation."

If there is no liability for compensation there is no duty to provide an operation. If there is no duty to provide an operation, there can be no liability for the consequences of failing to provide one.

If the claim is only that a hernia was suffered, producing those physical conditions which are the common and recognized results accompanying and following a hernia, the test of compensability and the amount recoverable is ruled by Section 12b, of Art. 8306. Winn v. Royal Indemnity Co., supra, Tex.Civ.App., 163 S.W.2d 872.

In the case just cited recovery was denied because the hernia existed in some degree prior to the injury for which compensation was claimed. The Waco Court of Civil Appeals cited both the Liles and the Lowery cases, supra, and said that neither of them controlled the case at bar. The Supreme Court refused writ of error.

The judgment of the trial court is reversed, and judgment is here rendered in favor of appellant.