**ROBERTSON**

v.

**NATIONAL SURETY CORP.**

No. 14528.

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1953.

Rehearing Denied Jan. 25, 1954.

Otto B. Mullinax, Mullinax & Wells, Dallas, Tex., for appellant.

Lucian Touchstone, Richard Bernays, and Touchstone & Bernays, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Filed under the Texas Workmen's Compensation Act to set aside and hold for naught an award of the Industrial Accident Board on his claim for compensation, the suit claimed and sought recovery for total and permanent incapacity. Further, "in the event and only in the event that the matter of hospital and doctor's bills and operation" in the aggregate amount of $1128.65 incurred by him "become relevant and material to his recovery of workmen's compensation insurance", plaintiff alleged that defendant became and was liable to him for them and sought recovery therefor.

Defendant, denying that plaintiff received a compensable injury claimed by him, further alleged, (1) that if he received any injury it was partial and temporary, and (2) that if he has any physical incapacity to labor, same is due to a previous injury or to a disease.

On the issues thus joined, the cause was tried to a jury, and the district judge submitting the issues of total temporary, partial temporary, and partial permanent, incapacity, and refusing to submit that of total permanent incapacity, there was a verdict finding for plaintiff "total temporary 30 weeks and partial permanent 15 percent" and a judgment for the amount due under the finding.

His motion to set the judgment aside and for new trial denied, plaintiff, appealing from the judgment, is here insisting upon its reversal. Presented under eleven numbered points, the grounds of error relied on are in substance four.

The first and most argued ground is that, under the evidence, plaintiff was entitled to a submission of the issue of total permanent incapacity, notwithstanding the admitted fact that as a result of an operation voluntarily undergone by him, he was not and did not claim to be now so incapacitated.

The second is that the court erred in excluding evidence as to, and in declining to submit and permit argument to the jury on, the cost of medical and hospital expenses voluntarily incurred by plaintiff.

The third is that, in the course of the trial, the court erred, to the substantial prejudice of appellant, (a) in limiting plaintiff's examination of his witness, Dr. Horne, in regard to his professional qualifications and as to factors causing peptic ulcer; (b) in limiting his examination of his witness, Heslep; and (c) in admonishing plaintiff's counsel to be fair in the presentation of his case and the interrogation of his witnesses.

The fourth is that he erred in admitting evidence as to the terms of a compromise settlement agreement between plaintiff and Texas Employers Association of a compensation claim for prior injuries arrived at and executed prior to the injury for which claim is made in this suit.

Appellee, in its reply to appellant's first ground of error, points out that as shown by the requested and refused charge,[1] it presents the wholly untenable and inadmissible contention that though, as a result of his voluntarily submitting to an operation, plaintiff is admittedly not now wholly and permanently disabled, the jury may disregard the effects of the operation and find for him for total and permanent incapacity, if they believe that but for the operation he would be so incapacitated.

So pointing, they insist that this represents a flight from fact to fancy, from reality to make believe, in short the substitution of a kind of "as if" reasoning by which what is, may be found not to be, and what is not, may be found to be, for the solid kind of reasoning from fact to conclusion required in the trial of cases.

As to the second ground, the claimed right of plaintiff to prove the amount of, and to recover for, hospital and medical bills, appellee points out: that suits for compensation are purely statutory; that medical and hospital expenses are part of the statutory scheme;[2] that those claimed here were not incurred within thirty days of the date of the injury; and that there is neither showing nor claim that any claim for such medical attention and services was made to the board as required by the statutes.

So pointing, it insists, upon the authority of Texas Employers Ins. Ass'n v. Hodnett, Tex.Civ.App., 216 S.W.2d 301,

1. "You are instructed as a part of the charge in this case that in determining the degree and extent of plaintiff's incapacity, if any you find that he sustained, as the result of the injuries, if any, which he sustained on or about August 13, and Sept. 20, 1951, respectively, you will compensate him for that degree and extent of incapacity which you find from a preponderance of the evidence that he reasonably and probably suffered in the past and would have suffered in the future had he not undergone the operation in Nov., 1951."

2. Art. 8306, Sec. 6 and 7, R.C.S. of Texas, as amended, Vernon's Ann.Civ.St. art. 8306, §§ 6, 7.

and cases it cites, that they are not recoverable.

As to the procedural errors claimed in grounds three and four, appellee insists that none of the claims of error are substantial, and further that if there was error as to any of them, the error was not prejudicial but harmless, and, under the Harmless Error Statute and Rule,[3] they are not sufficient to cause a reversal.

For the reasons hereafter briefly stated, we find ourselves in agreement with appellee's views.

■ The fact that, in the statutory scheme, elaborate provision is made for operations upon the order of the Board and that the decisions declare: that the parties must proceed in respect of them as provided by the statute; and that if the defendant does not, he can neither require an operation, introduce evidence as to, nor comment upon, the benefits of an operation;[4] does not at all support appellant's view that where a plaintiff, by voluntarily providing for and submitting to an operation, cures or mitigates injuries accidentally received, he may go to the jury, not on his condition as it is, but as it might have been if he had not had the operation.

■ Assuming without deciding, though the pleadings by no means make it clear, that the amounts paid out by plaintiff are sued for, the short and simple answer to appellant's claim for recovery back of the medical and hospital bills he incurred, is: that the recovery of compensation for injuries and for medical and hospital expenses connected therewith is purely statutory; that there can be no recovery in conflict with the statute; and that a recovery of the medical and hospital bills in this case cannot be had because the record shows not that the statute has been complied with but that it has been completely ignored. Texas Employers Ins. Ass'n v. Hodnett, supra.

■ Finally, without canvassing each ground of procedural error we agree with appellee that, considered in the light of the whole record, if there was error in connection with any of the matters complained of, it was not prejudicial or reversible but harmless error in that it is not made to appear that the rulings and actions complained of adversely affected any of appellant's substantive rights or caused him any injury.

No prejudicial error appearing, the judgment is affirmed.

---

**3.** By the statute it is provided that "On the hearing of any appeal \* \* \* the Court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. By rule it is provided that "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 61 Federal Rules of Civil Procedure for the District Courts 28 U.S.C.

**4.** Texas Employers Ins. Ass'n v. Henthorn, Tex.Civ.App., 240 S.W.2d 392; Texas Indemnity Ins. Co. v. Stevens, Tex. Civ.App., 135 S.W.2d 272; Talley v. Tex. Emp. Ins. Ass'n, 129 Tex. 134, 102 S.W. 2d 180; Texas Employers Ins. Ass'n v. Talley, 132 Tex. 547, 125 S.W.2d 544; Hartford Acc. & Ind. Co. v. Black, 5 Cir., 193 F.2d 971.