**TEXAS EMPLOYERS INSURANCE ASS'N,**
**Appellant,**

v.

**S. L. KUBIAK, Appellee.**

No. 6792.

Court of Civil Appeals of Texas.

Texarkana.

March 3, 1955.

Rehearing Denied March 24, 1955.

Buford, Ryburn, Hincks & Ford, Dallas, Ramey, Calhoun, Brelsford & Hull, Tyler, for appellant.

Gordon R. Wellborn, Rex Houston, Henderson, for appellee.

DAVIS, Justice.

This is a workmen's compensation case. Appellee alleged total and permanent disability caused by a ruptured disc as the result of an injury sustained in the course of his employment. Judgment was for appellee for total and permanent disability upon a jury verdict amply supported by the evidence.

Appellant brings forward two points of error complaining of the action of the trial court in sustaining appellee's exceptions to its answer wherein it, appellant, alleged, et cetera, that a surgical operation would effect a cure or materially and beneficially improve appellee's condition. The allegations were based upon Sections 12b and 12e of Article 8306, R.C.S.

Appellee filed 18 special exceptions to the pleading, setting out in detail the failure of appellant to comply with the cited sections of the article.

The statutes and decisions are clear enough, as to the procedure that the insured must follow to make these sections of the workmen's compensation law available to the insurer and a strict compliance has been held to be necessary. Employers' Liability Assurance Corp., Ltd. v. Williams, Tex.Civ.App., 293 S.W. 210, err. dis.; Texas Employers Ins. Ass'n v. Phelan, Tex.Civ. App., 103 S.W.2d 863; National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089.

Appellant did not admit, but denied liability in the case. An admission of liability is the very first step that the insurer must take to avail itself of the benefit of these statutes. The National Mutual Casualty Co. v. Lowery, supra.

Appellant contends that it has been denied the right to the trial of the issues raised by its pleadings. This contention is not supported by the record. The Industrial Accident Board made its final ruling and decision in this case on October 15, 1953. The first tender of an operation by appellant to appellee was made in a letter from appellant's attorney to appellee's attorney on October 16, 1953. Kubiak was never tendered an operation prior to the Board's final award and the Board never ordered one. He was never called upon either to accept or to reject an operation under any of the cited provisions of Article 8306. Having failed to admit liability and tender the operation to appellee prior to the date of the Board's final ruling and deci-

sion in the case, appellant was neither entitled to plead nor to prove the curative effects of an operation. National Mutual Casualty Co. v. Lowery, supra; Federal Underwriters Exchange v. Thompson, 136 Tex. 194, 148 S.W.2d 1092; Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137; Robertson v. National Surety Corp.; 5 Cir., 208 F.2d 642; and Hartford Accident & Indemnity Co. v. Black, 5 Cir., 193 F.2d 971.

Finding no error in the record, the points are overruled and the judgment of the trial court is affirmed.