**Daisy Lee WILKE and her husband J. A. Wilke, Appellants,**

v.

**SECURITY MUTUAL CASUALTY COMPANY, Appellee.**

No. 17292.

United States Court of Appeals Fifth Circuit.

Dec. 11, 1958.

Rehearing Denied and Motion to Reconsider Denied Jan. 12, 1959.

Jim S. Phelps, Houston, Tex., for appellants.

Frank G. Harmon, Charles L. Tighe, Houston, Tex., Baker, Botts, Andrews & Shepherd, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging a back injury and claiming total and permanent disability resulting therefrom, Appellant, plaintiff below, Daisy Lee Wilke, brought this suit under the Texas Workmen's Compensation Act, Vernon's Annotated Civil Statutes, art. 8306 et seq., against defendant, as compensation carrier, to recover the compensation provided by the Act.

There was a trial by jury, in the course of which defendant was permitted, over plaintiff's objections duly registered, to tender an operation and to offer testimony as to its probable beneficial results, and there was a verdict on special issues, and a judgment[1] for plaintiff which took into consideration the objected to tender and testimony.

Appealing from the judgment, appellants are here insisting that under the Act as uniformly construed and applied by and in the Texas Courts, State and Federal,[2] the admission of such tender and testimony and the submission of the issues raised thereby to the jury were clear errors, in violation of settled law. So insisting, they urge upon us that the judgment must be reversed and the cause remanded for trial anew in accordance therewith.

Defendant, appellee, conceding that but for the decision and opinion of this court in National Surety Corp. v. Bellah, 5 Cir., 245 F.2d 936, the complained of rulings would be erroneous, urges that case upon us as authority for what was done here.

On their part, appellants insist that the Bellah case did not decide, indeed it did not deal with, the situation presented here and that, to the extent that the opinion is critical of[3] and departs from the decisions in, and the stream of tendency evidenced by, the Texas cases, State and Federal, cited in Note 2 supra, it was not well decided.

We find ourselves in complete agreement with appellants' view that, under the undisputed testimony in this case, the Bellah case is not in point and therefore not controlling here and that the court erred in the respects claimed. This being so, we will not concern ourselves with deciding or discussing appellants' secondary point, that that case was not well decided, but will content ourselves with saying that, under the undisputed facts and the settled law of the cases, the judgment must be reversed and the cause remanded for trial anew and for further and not inconsistent proceedings.

Reversed and remanded.

1. This judgment gave effect to the findings of the jury as to plaintiff's injuries and, based thereon, awarded plaintiff compensation payments totalling $5862.-00, and further awarded plaintiff $834.55 in payment of past medical and hospital expenses. It ordered the defendant to pay into the registry of the court $1500 to cover the full cost of any further back surgery that plaintiff might require as a result of the accidental injury; and further gave effect to the jury's finding that an operation would benefit the plaintiff, and that after such operation she would be totally disabled for another fifty-two weeks, after which time she would suffer permanent partial disability of 25 percent.

2. Hartford Acc. & Indemnity Co. v. Black, 5 Cir., 193 F.2d 971, 974; Robertson v. National Surety Corp., 5 Cir., 208 F. 2d 642; Texas Employers Ins. Ass'n v. Kubiak, Tex.Civ.App., 276 S.W.2d 909;

American General Ins. Co. v. Quinn, Tex. Civ.App., 277 S.W.2d 223; Texas Employers Ins. Ass'n v. Phelan, Tex.Civ. App., 103 S.W.2d 863; National Mutual Cas. Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089; Texas Employers Ins. Co., v. Neatherlin, Tex.Com.App., 48 S.W.2d 967; Federal Underwriters Exchange v. Thompson, 136 Tex. 194, 148 S.W.2d 1092; Texas Employers Ins. Ass'n v. Tally, 132 Tex. 547, 125 S.W.2d 544; Employers Liability Assur. Corp. v. Williams, Tex.Civ.App., 293 S.W. 210; Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137.

3. "Erie compels us to accept the holding of Kubiak and Quinn. [See note 2 above] But it does not compel, we see no need for, and see much harm in, carrying them one step beyond what, with deference, we consider already an outer and doubtful limit." N. L. R. B. v. Bellah, 5 Cir., 245 F.2d 936, at page 941.