**Harold G. DIETER, Appellant,**

v.

**HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Appellee.**

**No. 7610.**

Court of Civil Appeals of Texas.

Amarillo.

April 25, 1966.

Rehearing Denied May 30, 1966.

Huffaker & Green, Tahoka, for appellant.

Evans, Pharr, Trout & Jones, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a compensation case. This case was submitted to the trial court upon an agreed statement of facts. The same statement of facts is presented here for our determination of the question involved. Harold G. Dieter will hereafter be referred to as appellant and Houston Fire & Casualty Insurance Company as appellee. The agreed statement is as follows:

"Comes now Harold G. Dieter, the plaintiff in the above-styled and numbered cause, and Houston Fire & Casualty Insurance Company, the defendant in the above-styled and numbered cause, by and through their attorneys of record, and in accordance with the provisions of Rule 263 T.R.C.P., do hereby agree and stipulate the pleadings of the parties and the facts upon which judgment shall be rendered herein, the controversy herein being submitted to the Court upon this agreed statement of facts:

1.

"On the 19th day of June, 1964, the plaintiff suffered and sustained an accidental injury in Lynn County, Texas, while acting within the scope and course of his employment for Joe Howton, D/B/A West Point Gin (hereinafter sometimes referred to as employer) said plaintiff working at said time in the ca-

pacity of a ginner. Prior to the date of said injury the defendant had issued to said employer a Policy of Workman's Compensation Insurance under the laws of the State of Texas, and which policy was in full force and effect at all times incident hereto, and which policy covered said employer and the work being done by the plaintiff for said employer at all times incident hereto.

2.

"Generally the injury suffered by the plaintiff was to his back whereby he suffered and sustained a rupture of two (2) of his intervertebral discs among other injuries. The parties agreed that the injury suffered and sustained by the plaintiff is a compensable injury within the meaning and contemplation of the Workman's Compensation Act of the State of Texas, and that the defendant is liable therefor.

3.

"No question is involved concerning the giving of notice, of the filing of claim for compensation with the Industrial Accident Board. Notice of appeal from the decision of the Industrial Accident Board was given within the time provided by law, and this suit was filed within the time provided by law and no issue is involved herein on such grounds.

4.

"The award of the Industrial Accident Board was entered on January 27, 1965. At no time while the plaintiff's claim was pending before the Industrial Accident Board did the defendant admit liability, tender an operation of any nature for the plaintiff, demand the Industrial Accident Board to require the plaintiff to take an examination, or take any step whatsoever to require the plaintiff to submit to an operation, and the plaintiff in no respect refused an operation. The Industrial Accident Board of itself did not make any demands or requests of the plaintiff to submit to an examination or under*to* any type of surgical operation. After the Industrial Accident Board rendered its decision and this case was properly appealed to this Court, defendant did not at any time thereafter even up until the filing of this agreed statement of facts admit liability, tender such a surgical operation to the plaintiff, or request that an operation be undergone by him. This suit was filed in this court on March 2, 1965.

5.

"On May 19, 1965, on the advi*s*e of his personal doctor and at his own expense the plaintiff underwent surgery and a semihemilaminectory at L4–5 and L5–sl intersp*e*aces was performed on the right side, and degenerated disc material was removed by the surgeon. There were protrusions, that is a bulging of both discs, at each level *s*hich apparently caused the trouble from which the plaintiff has complained. The injury received by the plaintiff was the cause of the rupture of the discs, and the protrusions thereof, together with the consequent irritation of the nerve roots, etc.

6.

"The surgeon who performed such operation is of the opinion that the plaintiff was totally disabled from the time of his said injury up until the time that the surgery was performed, and that had it not been for such surgery that the plaintiff's condition would have been such that he would have been permanently and totally disabled within the meaning of the Workman's Compensation laws of the State of Texas. Such surgeon is of the further opinion that the surgery performed upon the plaintiff's back will be beneficial to him, and that he will probably be able to return to work by October but certainly by the First of January, 1966, but that he will be *c*omewhat limited in his activities when he returns to work,

particularly in his activity of doing heavy lifting, but that he would impose restrictions upon the plaintiff whereby he would do no unusual weight lifting or over 50 pounds, or perhaps up to 75 pounds at the most, and that he felt it to be prudent to restrict the plaintiff's activities to such extent in order to avoid or to prevent harm to him because of his slightly weakened condition of his back.

### 7.

"It is the position of the plaintiff that the defendant would not under the law be permitted to introduce any testimony of any nature whatsoever that would show or tend to show the beneficial effects of the surgery had upon his back, because the defendant did not admit liability while the claim was pending before the Industrial Accident Board, nor did the defendant tender any type of operation to the plaintiff while such claim was so pending before the Board, nor did it make any demand of any nature whatsoever either to the plaintiff or to the Board to require such an examination, and none was ordered or requested by the Industrial Accident Board, and no surgery was performed until after the award of the Industrial Accident Board. It is the plaintiff's position that the Supreme Court case of Hardward [Hardware] Mutual Casualty Co., v. Courtney, 363 S.W.2d 427 (Tex. Sup.Ct.1963) is contrilling hereof, and that under the decision in said case, and that of Truck Insurance Exchange v. Seelbach [161 Tex. 250], 339 S.W.2d 521 (Tex.Sup.Ct.1950) and Texas Employers Insurance Association v. Shelton [161 Tex. 259], 339 S.W.2nd 519 (Tex.Sup.Ct. 1960) together with the decisions of the various Courts of Civil Appeals cited therein, that the defendant is not entitled to plead nor prove the possible benefits of a surgical operation. The defendant on the other hand contends that none of said causes are applicable for the reason that it is entitled to show the present physical condition of the plaintiff, and that inasmuch as the operation has already been performed that the rule announced in said cases is not applicable, and that it is entitled to show the possible beneficial effects of the surgical operation that has already been performed.

### 8.

"It is therefore agreed by and between the parties that the facts herein set out give rise to but one question of law, which said question of law is the sole question submitted to this Court for its determination in this action, to-wit:

QUESTION: Under the agreed facts as set forth above wherein it is shown that the defendant wholly failed to comply with the rules set out in Hardware Mutual Casualty Company v. Courtney 363 S.W.2nd 427, supra, wherein certain mandatory steps are set out that must be followed before the compensation carrier would be entitled to make proof of the possible beneficial effects of a surgical operation, that would be performed in the future, is the defendant entitled to prove over the objection of the plaintiff that it has not followed such steps, the possible beneficial effects of the surgical operation that has already been performed as set forth above?

### 9.

"It is stipulated and agreed by and between the parties that in the event that the Court holds that such testimony is not admissible, the plaintiff is entitled to recover the sum of $10,000.00, and that if such testimony is admissible that the plaintiff is entitled to recover the sum of $6,000.00, each of said sums being in addition to all compensation payments heretofore made by the defendant to the plaintiff. In addition thereto, the defendant shall pay all expenses incident to said operation amounting to $350.00 as the surgeon's fee, and $393.55 to the hospital for hospital charges. All costs of court

up through the trial court shall be paid by the defendant. Appellate costs shall be paid by the party against whom the same may be taxed by the appellate court.

10.

"The final award and decision of the Industrial Accident Board in this case should be set aside and held for naught.

11.

"The court should apportion the plaintiff's recovery herein between the plaintiff, Haro*dl* G. Dieter and Huffaker & Green, his attorneys, and award the plaintiff's attorneys such reasonable fees as the Court finds and determines under the compensation laws of the State of Texas, and in this connection the parties represent and show unto the Court that said attorneys should be awarded the sum of 30% of such recovery.

"To all of which witness the hands of the parties hereto by their attorneys of record on this the 13th day of October, 1965."

The award of the Industrial Accident Board was entered on January 27, 1965. This suit was filed in the district court on March 2, 1965. On May 19, 1965, on the advice of his personal doctor, and at his own expense, the appellant underwent surgery. The sole question here involved is whether the appellee should be permitted to offer evidence as to the possible beneficial effects of such surgery upon the appellant. It is appellee's contention that since surgery had been performed before the trial it should be permitted to introduce evidence to establish the possible beneficial effects of such surgery. It is the contention of appellant that appellee should not be permitted to introduce such evidence because appellee did not admit liability while appellant's claim was pending before the Industrial Accident Board; tender an operation nor make any demand to the Industrial Accident Board to require an examination

of appellant. The trial court held such evidence was admissible. From that judgment appellant perfected this appeal.

This is not a question concerning the admissibility of evidence of the possible effect an operation might have where the appellant had not complied with Article 8306, Sec. 12e, Vernon's Ann.Tex.Civ.St.; but is whether the appellee, remaining silent and never admitting liability, nor making any request of the Industrial Accident Board concerning the extent of appellant's injuries, and the suit having been filed in the district court before surgery was had on appellant, should be permitted to show the possible beneficial effects of the surgery that was had. We have not been cited to a case and neither have we found one deciding this particular point. So far as we have been able to ascertain the admissibility of the beneficial effect of the operation performed after the suit had been filed in the district court is of first impression.

The Workmen's Compensation Law is a special law wholly and completely foreign to the common law. The steps to be taken by an injured party are set out in the act. To secure the benefits provided under the act the injured party must take certain steps before the insurer is required to act. Then the insurer is required to take certain steps in having its rights protected. Under Section 12e of Article 8306 it is provided:

"In all cases where liability for compensation exists for an injury sustained by an employé in the course of his employment and a surgical operation for such injury will affect a cure of the employé or will materially and beneficially improve his condition the association or the employé may demand that a surgical operation be had upon the employé as herein provided * * *."

That demand was to be presented to the Industrial Accident Board. We are of the opinion that since appellee never at any time admitted liability nor took any action before the Industrial Accident Board as provided

for under Section 12e of Article 8306 that it waived all of its rights concerning an operation. This section of Article 8306 provides the method appellee should use if it desires to rely upon the effects of an operation.

It is stated in Texas Employers Insurance Ass'n v. Kubiak, Tex.Civ.App., 276 S.W.2d 909 (N.R.E.) as follows:

"He was never called upon either to accept or to reject an operation under any of the cited provisions of Article 8306. Having failed to admit liability and tender the operation to appellee prior to the date of the Board's final ruling and decision in the case, appellant was neither entitled to plead nor to prove the curative effects of an operation. National Mutual Casualty Co. v. Lowery, supra; Federal Underwriters Exchange v. Thompson, 136 Tex. 194, 148 S.W.2d 1092; Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137; Robertson v. National Surety Corp., 5 Cir., 208 F.2d 642; and Hartford Accident & Indemnity Co. v. Black, 5 Cir., 193 F.2d 971."

All emphases given in the cases cited herein are ours.

It is stated in Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521 as follows:

"The insurer takes the position that the rule enunciated in the Quinn and Kubiak cases is erroneous, and if not, then our case is distinquishable from Quinn and Kubiak for two reasons, first, *the need of an operation did not become apparent until long after the Industrial Accident Board had lost jurisdiction;* second, the 1957 amendments to the Workmen's Compensation Act have been adopted since those cases were decided and there is now available at any time unlimited medical, nursing and hospital service for which the insurer is liable.

"*Seelbach's position is squarely based on the premise that if the insurer does not admit liability and tender an operation prior to the final Board award, it is thereafter precluded from offering any testimony as to the curative effect of surgery under any and all circumstances no matter what may be the later progressive development of the injury and regardless of the nature of the operation.*

"As so often said and so well recognized, the rights and obligations of the parties in a suit brought under the Workmen's Compensation Act are entirely controlled by the statute except in respect to those matters of form and procedure that are not prescribed. The Act is in derogation of the common law. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556. *Where the statute directs that action be taken in a certain way it may be performed in no other manner.* The trial court is not clothed with those powers that are placed exclusively with the Board. Thus the trial court has no power to order or supervise an operation or to direct a medical examination for the purpose of determining the advisability of that course.

"The statute by no provision expressly refutes the admissibility of the excluded testimony, but we think it does so by necessary implication. The rule announced in Kubiak and Quinn is based on Texas Employers Insurance Ass'n v. Tally, 132 Tex. 547, 125 S.W.2d 544, and National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089."

See Hardware Mutual Casualty Co. v. Courtney, Tex., 363 S.W.2d 427 as follows:

"The general problem presented here has been before this Court in three recent cases: Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521 (1960); Texas Employers' Insurance Association v. Shelton, 161 Tex. 259, 339 S.W.2d 519 (1960); and Cook v. City of Austin, 161 Tex. 294, 340 S.W.2d 482 (1960). In Shelton, the insurer tendered

an operation and requested the Board to order a medical examination if the employee refused to submit to an examination. Though the insurer by implication assumed the expense of the operation, it did not admit general liability. In Seelbach, no surgery was recommended, tendered, or demanded while the employee's case was before the Board. *The need for an operation did not become apparent until after the Industrial Accident Board's award became final. In Cook, the employee was said to have knowledge, while his case was before the Board, that surgery would help him. But no operation was tendered or demanded while his case was before the Board.* In all three of these cases, it was held that the trial court correctly excluded evidence similar to that proffered here."

 The tender of an operation without the admission of liability renders testimony relating to the beneficial effects of an operation inadmissible on the trial of a case on appeal. Texas Employers' Insurance Association v. Shelton, 161 Tex. 259, 339 S.W.2d 519.

Let us assume that Dieter was partially incapacitated, and neither party made a request of the Board for an operation, and after the Board had acted in the matter and the case was in the district court, and at the advice of his doctor Dieter had an operation and as a result of the operation Dieter was totally disabled, would the insurance carrier be liable for total disability? It looks reasonable if appellee, under the facts of this case, could show the good effects of the operation, appellant could show the result of the operation under the facts we have assumed. We cannot waive the rules as set out in the law books of hardship and proceed according to our own ideas of fairness and justice.

We are of the opinion, and so hold, that the trial court was in error in holding that appellee was entitled to offer the testimony as to the possible beneficial effects

of the surgery performed on Dieter after the suit had been filed in the trial court, since it had never admitted liability nor requested any relief from the Board as provided for under Sec. 12e, Article 8306.

Judgment of the trial court is reversed and rendered.