**CONTINENTAL BUS SYSTEM, Inc., et al.,**
**Appellants,**

**v.**

**Mrs Patricia BIGGERS, a Widow, et al.,**
**Appellees.**

**Mrs. Betty Jo Epps GROSS et vir,**
**Appellants,**

**v.**

**Mrs Patricia BIGGERS, a Widow, et al.,**
**Appellees.**

Nos. 12814, 12840.

Court of Civil Appeals of Texas.

Galveston.

March 17, 1955.

Rehearing Denied April 14, 1955.

Chilton Bryan, Houston, Strasburger, Price, Kelton, Miller & Martin, Dallas, for Continental Bus System, Inc.

Hall E. Timanus, Robert L. Bradley, Houston, Andrews, Kurth Campbell & Bradley, Houston, of counsel, for Betty Jo Epps Gross and husband, William Gross, Jr.

Butler, Binion, Rice & Cook, Wm. N. Blanton, Jr., Houston, for Commercial Standard Ins. Co.

Pepper & Markward, Forrest Markward and Robert C. Pepper, Fort Worth, for Mrs. Patricia Biggers, a widow, and the minors John Robert Biggers, Michael Van Biggers and Stephen Howard Biggers.

Hamblen & Bobbitt, Karl E. Kraft, Houston, for A. H. Lightfoot, P. E. Furlow, K. K. Kellam and Basil S. Roper, d/b/a Texas Motors.

HAMBLEN, Chief Justice.

This litigation arose out of a collision involving two automobiles and a passenger bus which occurred on December 20, 1951. The following statement of the general manner in which the collisions occurred is deemed necessary to an adequate presentation of the contentions of the respective litigants. The differences as to time and distance intervals and speeds of the respective vehicles as raised by the evidence, and the legal effect thereof, will be treated later.

The collisions occurred on Highway 75 about 10 miles north of Huntsville. While the precise point of the impacts is somewhat disputed, they appear under all of the evidence to have occurred at a point within a few hundred feet north of a bridge across Nelson Creek. At such point Highway 75 is 24 feet in width and Nelson Creek bridge is 28 feet in width and 200 feet in length. Prior to the collisions the bus, owned by appellant, Continental Bus System, Inc., was proceeding north en route from Houston to Dallas. At the time when the bus was approaching Nelson Creek Bridge from the south, three automobiles, all proceeding south on Highway 75, were approaching the bridge from the north. The first of such automobiles was a Hudson driven by A. D. Phelps, who is not a party litigant. Behind the Hudson was a Ford automobile which, for the purpose of our discussion, may be treated as being driven by E. A. Biggers, Jr., the deceased husband of appellee, Patricia Biggers, and father of her minor children who are also appellees. This Ford was occupied by two men in addition to the driver and was proceeding at a speed greater than that of the Hudson ahead of it. Behind the Ford and traveling at about the same speed was a Chevrolet automobile owned and driven by appellant, Betty Jo Epps Gross, and occupied also by a passenger, Mrs. Ernest de Jernett. The appellant's bus reached the bridge and was proceeding across it as the first of the three automobiles approached the bridge from the north. At that time the Hudson reduced its speed. The Ford, which in the meantime had reduced the distance between it and the Hudson, reduced its speed presumably to conform to that of the Hudson. The Chevrolet, following closely behind the Ford, collided with the rear of the Ford automobile. According to the undisputed testimony of the driver of the Chevrolet, she applied the brakes of her car in order to reduce its speed and maintain her distance from the Ford, but for some reason

the brakes failed to function. There is evidence that as the Chevrolet approached and collided with the Ford its front wheels were turned to the right. Immediately after such impact, the Ford turned to its left at about a forty-five degree angle out of its own southbound lane of the highway onto the northbound lane thereof and directly into the path of the approaching bus. From the answers responsive to special issues submitted, it is apparent that the jury concluded that such movement of the Ford was the result of the impact of the Chevrolet automobile. Such findings appear amply supported by the evidence and are not here attacked. The bus which had maintained its speed and its northbound course in its proper lane of the highway collided with the Ford automobile in the northbound lane of the highway. From the point of this impact, the bus proceeded north and to its right off of the highway, carrying the Ford ahead of and under it, and came to rest in a drainage ditch some one hundred and forty-five feet from the point of impact. The driver and the other two occupants of the Ford were instantaneously killed.

Suit was instituted by Mrs. Patricia Biggers, individually and as next friend of the minor appellees, and by Enoch A. Biggers, Sr., and wife, Bea, against Continental Bus System, Inc. and against Mrs. Betty Jo Epps Gross and her husband, William Gross, Jr., to recover damages for the alleged wrongful death of E. A. Biggers, Jr., husband of Patricia Biggers, father of the minor appellees and son of E. A. Biggers, Sr., and wife, Bea. Continental Bus System, Inc. answered and filed a cross-action against Betty Jo Epps Gross and husband to recover damages alleged to have been sustained by its bus. Continental Bus System also filed a third-party action against Texas Motors, a partnership composed of A. H. Lightfoot, P. E. Furlow, K. K. Kellam and Basil S. Roper, who were the employers of E. A. Biggers, Jr., deceased, seeking by such third-party action to recover for the damages alleged to have been sustained to its bus. Betty Jo Epps Gross answered the original suit and

filed a cross-action against Continental Bus System, Inc., seeking recovery over against that company for any judgment which might be rendered against her and alternatively seeking contribution from such company. Jack Lanham, the driver of the bus, as third party plaintiff, sought judgment against Betty Jo Epps Gross and the above named partners composing Texas Motors, for personal injuries and other damages alleged to have been sustained by him. American Motorists Insurance Company intervened, seeking recovery from Betty Jo Epps Gross and the individuals composing the partnership of Texas Motors of moneys paid by it to Jack Lanham under the terms of a policy of compensation insurance. Commercial Standard Insurance Company intervened in the original suit filed by Mrs. Patricia Biggers, et al., seeking recovery of moneys paid by it to them under the terms of a compensation insurance policy carried for the benefit of the deceased, E. A. Biggers, Jr.

Extended trial of the issues joined by the pleadings of the respective litigants was had in the District Court of Harris County before a jury. At the conclusion of the evidence the cause was submitted to the jury upon 79 special issues. After receipt of a verdict responsive to the issues submitted, the trial court entered its judgment disposing of the issues pleaded substantially as follows:

(1) in favor of appellee, Patricia Biggers, individually and as next friend of the minor appellees and intervenor Commercial Standard Insurance Company and against Continental Bus System, Inc., and Betty Jo Epps Gross and husband, jointly and severally, in the sum of $101,080. The identity of interests of the various plaintiffs and the named intervenor make it unnecessary on this appeal to set out the apportionment of such money between them;

(2) denying recovery to plaintiffs, Enoch A. Biggers and wife, Bea, they having theretofore disclaimed;

(3) denying recovery to Continental Bus System, Inc., Jack Lanham, and American

Motorists Insurance Company upon their respective cross-action, third-party plaintiff action and intervention, against Betty Jo Epps Gross and the individuals composing the partnership, Texas Motors;

(4) denying recovery to Continental Bus System, Inc., in its claim for indemnity against Betty Jo Epps Gross;

(5) denying recovery to Betty Jo Epps Gross in her claim for indemnity and/or contribution from Continental Bus System, Inc.

From the judgment so rendered Continental Bus System, Inc., and Mrs. Betty Jo Epps Gross and husband, William Gross, Jr., have duly perfected their appeal to this Court. However Continental Bus System, Inc., alone filed a transcript in this Court and such transcript does not contain a copy of the motion for new trial filed by the appellants Gross, or of the trial court's order overruling the same. The transcript does not show that these appellants requested a copy of such instruments to be included in Continental's transcript, but said transcript does include a copy of a letter from attorneys for Mrs. Gross, dated October 6, 1954 in which they stated that "Since the defendant, Continental Bus System, Inc., * * * has requested a transcript, we are not requesting any transcript * * *." With this letter the attorneys forwarded Mrs. Gross' appeal bond to the District Clerk for filing.

After Continental's transcript had been duly filed in this Court and after said appellant had filed its brief, appellees, Patricia Biggers et al., filed their motion to affirm the judgment of the trial court on certificate as to the appellants, Betty Jo Epps Gross and husband, William Gross, Jr., and accompanied such motion with a certificate of the Clerk of the court below showing how and when such appellants duly perfected their appeal. The motion to affirm on certificate was ordered taken with the case on its merits. Such motion is numbered 12,840 on the docket of this Court.

Appellants, Betty Jo Epps Gross and husband, have not answered the motion to affirm on certificate but have filed in the main appeal (12,814) their suggestion under Rule 428, T.R.C.P., that they be permitted to file a supplemental transcript containing a copy of their motion for new trial and of the court's order overruling the same. Such supplemental transcript accompanies their suggestion. The transcript filed herein by appellant, Continental· Bus System, Inc., contains 725 pages and though the judgment of the court below is a joint and several judgment against that appellant and Mrs. Gross and her husband, it is not the purpose of the Rule to require duplicate transcripts to be sent up on appeal. St. John v. Kinser, Tex.Civ.App., 140 S.W.2d 602. Wherefore, appellees' motion to affirm on certificate will be refused and their certificate dismissed. Appellants, Betty Jo Epps Gross and husband's suggestion for leave to file supplemental transcript will be granted and the supplemental transcript ordered filed.

In its brief , appellant, Continental Bus System, Inc., presents 11 points of error, all of which attack the judgment rendered against it favorable to Patricia Biggers et al., the original plaintiffs and the intervenor, Commercial Standard Insurance Company, and none of which are directed to the denial of its attempted recovery on its cross-action against Betty Jo Epps Gross and husband, William Gross, Jr., and Texas Motors. The brief filed herein by Betty Jo Epps Gross and husband which accompanied their suggestion to file supplemental transcript points out no error militating against an affirmance of the judgment rendered below but contains only a prayer that if the cause be remanded as to Continental Bus System, Inc., that it likewise be remanded as to them.

Appellees, Patricia Biggers et al, have filed a written brief countering each point of error asserted by appellant, Continental Bus System, Inc. Appellee, Texas Motors, has filed a brief pointing out the absence of any point of error presented by appellants directed to the judgment favorable to them, adopting the argument of appellees, Patricia Biggers et al., in support of the

judgment rendered and praying for an affirmance thereof. None of the other litigants in the court below is before this Court in any capacity.

The extended trial necessary to dispose of the many conflicting issues raised in this cause has produced a voluminous appellate record consisting of the 725-page transcript, a statement of facts of over 800 pages and 70 or more original exhibits. This record has been carefully examined together with the comprehensive briefs filed by the principal litigants, Continental Bus System, Inc., as appellant, and Patricia Biggers et al., as appellees. After such examination this Court has reached certain conclusions as to the disposition which should be made of the issues presented, which may be summarized as follows:

(1) We are of the opinion that there is no evidence in this record of any act or omission constituting primary negligence on the part of the appellant, Continental Bus System, Inc., or its bus driver, Jack Lanham, proximately causing the collision in question and the resulting death of E. A. Biggers, Jr., and that in view of the verdict favorable to such appellant upon the issue of discovered peril the judgment against such appellant must be reversed and here rendered that appellees, Patricia Biggers et al., take nothing against such appellant;

(2) That the judgment in favor of appellees, Patricia Biggers et al., and against Betty Jo Epps Gross and husband, William Gross, Jr., should be affirmed;

(3) That the judgment rendered by the court below insofar as the same has been appealed should in all other respects be affirmed.

We will undertake to state our reasons for these conclusions.

The judgment rendered against the appellant, Continental Bus System, Inc., rests upon three findings of primary negligence on the part of its driver which the jury found proximately caused the collision and resulting death of the deceased, E. A. Biggers, Jr. These findings were: failing to keep a proper lookout, failing to apply brakes and driving at an excessive rate of speed. In connection with these findings it is undisputed that the driver did not apply his brakes. The evidence upon the issue of speed is conflicting. Appellant's driver testified to a speed of 54 miles per hour. His testimony was corroborated by a recording made by a tachograph with which the bus was equipped. The tachograph was described by an expert witness as a mechanical device which not only indicates speed in the manner of the ordinary speedometer, but also records the indicated speed upon a chart. The expert witness interpreted the chart as indicating the maximum speed of the bus immediately before the collision of 53 miles per hour. Conflicting with this testimony and evidence is the testimony of the witness, Charles Mitchell, who described the bus as traveling at a speed of 65 miles per hour at the time of the collision. This witness' testimony was impeached by two previous written statements made by him prior to the trial, which statements corroborated the testimony of the bus driver and the evidence of the tachograph chart. However, credibility of the witnesses being within the exclusive province of the jury, there is evidence in the record to support the finding of excessive speed. Upon the issue of proper lookout, our review of the record discloses an entire absence of any evidence to support the jury finding thereon. However, we deem it unnecessary to here review that record for the reason that, even if it be conceded that the record lends support to each of the mentioned findings, we are of the opinion that as a matter of law none of the acts or omissions found by the jury to constitute negligence could be held to a proximate cause of the collision.

When the evidence in the record is examined in the light most favorable to the judgment, or in any light or interpretation of which it is capable, and when all conflicts are resolved, the following facts are inescapable: The appellant's bus prior to the collision was traveling in its own proper lane on an open, unobstructed highway, under such conditions and circumstances

that no harm or damage would or could have resulted to the deceased or any other person except for the movement of the Ford automobile in which the deceased was riding into the path of appellant's bus. Until that occurrence no danger existed to the deceased or to any other person. Prior to that occurrence no duty arose on the part of the bus driver to take any action to alter the manner in which the bus was being operated because it is not only apparent, but, in our view, conclusively established under all of the evidence that but for that occurrence the collision would not have happened. Those acts or omissions on the part of appellant's bus driver, which the jury found to be negligent, could not have been a cause of the collision except only in some such sense as that if its bus had not been on the highway at all the collision would not have occurred. That is not, in our opinion, within the legal meaning of proximate cause. Our conclusions appear to be supported by the decisions of the appellate courts of this State in all of the cases to which our attention has been directed wherein the facts are sufficiently analogous to afford precedent. We consider the following authorities amply support our conclusions: Davis v. Younger Bros., Inc., Tex.Civ.App., 260 S.W.2d 637; Wright v. McCoy, Tex.Civ.App., 131 S.W.2d 52.

In our view, the only basis upon which liability of the appellant Bus Company can be supported rests in the doctrine of discovered peril. Issues of fact sufficient to sustain liability under that doctrine were submitted to the jury, and, in response to Special Issue 19, the jury found that discovery by the bus driver of the perilous position of the deceased did not occur at such time that he could have avoided the collision. Under this record, that finding negatives the existence of liability on the part of the appellant, Continental Bus System, Inc.

Our conclusion that liability of such appellant must rest, if at all, upon the doctrine of discovered peril appears to this Court to be clearly, though perhaps unconsciously, recognized by appellees, Mrs. Patricia Biggers et al, in both their written brief filed herein and in oral argument before this Court. Both arguments are addressed to a review of the evidence which would support a finding that appellant's bus driver was negligent in failing to take such action as was available to avoid the collision after the Ford moved or was propelled into his path. In no satisfactory manner either in written brief or oral argument do such appellees undertake to explain how, but for that occurrence, any act or omission on the part of the bus driver did proximately cause or could have proximately caused the collision. By analytical and logical argument appellees point out evidence from which it can be concluded that the Ford automobile entered the path of the bus when the bus was about 150 or 175 feet away. By speed, time and distance formulae, appellees convincingly demonstrate that as much as 5 to 6 seconds elapsed between such movement of the Ford and the actual collision. Their argument supports the action of the trial court in submitting the issues of discovered peril and our review of the evidence not only indicates that such submission was proper but also that findings on such issues adverse to the appellant Bus Company would have supported the entry of judgment against it. However, our review also discloses evidence to the effect that the Ford was propelled into the path of the bus when the latter was only 15 to 20 feet distant and that the impact occurred within the space of one second thereafter. This evidence clearly supports the jury finding in response to Special Issue 19 above mentioned. Upon that finding and in view of the record presented, it is our conclusion that the only judgment which may be properly sustained is one denying recovery to appellees, Patricia Biggers et al., against appellant, Continental Bus System, Inc.

We do not consider our conclusions to be in any way opposed to the holding of the Supreme Court of Texas in Walsh v. Dallas Railway & Terminal Co., 140 Tex. 385, 167 S.W.2d 1018, 1020, which is cited by appellees. In that case the Supreme Court reversed the holding of the Court of Civil

Appeals, predicated upon the proposition that a jury finding adverse to the plaintiff upon issues of discovered peril conflicted with findings favorable to the plaintiff upon issues of primary negligence. That case involved a collision which occurred at a street intersection within the city of Dallas. The jury found the defendant bus driver guilty of negligence in failing to keep a proper lookout, failing to apply his brakes, and driving at an excessive speed, each approximately causing the collision, but found in favor of the defendant upon issues of discovered peril. The rationale of the Supreme Court's decision is disclosed by the following excerpt from the opinion:

"The Court of Civil Appeals held that the findings of the jury that the driver of the bus did not discover Walsh's perilous position in time to avoid the collision, by the exercise of ordinary care in the use of all the means at his command, was in conflict with the finding that he negligently failed to apply his brakes and reduce his speed at the street intersection. This was the point upon which the writ was granted. We are not in accord with the view expressed by the Court of Civil Appeals. The driver of the bus could have been guilty of negligence in approaching the street intersection at a high rate of speed and without applying his brakes and thereby creating a dangerous situation which proximately caused the collision, even though he did not actually discover the approach of the ambulance in time to avoid the collision. There was no conflict in the findings of the jury in this respect."

The cited case appears clearly distinguishable from the case under consideration in the presence in one and the absence in the other of the necessary element of foreseeability. We have been cited to no case and are aware of none which holds that the operator of a vehicle under circumstances such as are here present must foresee that an oncoming vehicle, as a result of negligence on the part of some third person, might be suddenly propelled into his own proper lane of traffic. We say that the law imposes no such duty. No duty arose until the occurrence of that event and the jury acquitted appellant of negligence thereafter.

Our discussion has been directed to the error asserted by appellant, Continental Bus System, Inc., in its point 1, directed to the lack of evidence to support the findings of primary negligence proximately causing the collision in question, and in its point 2, directed to the legal effect of the jury finding responsive to Special Issue 19 heretofore mentioned. Our conclusion that these points present error requiring a reversal and rendition of the judgment against such appellant renders unnecessary any consideration of appellants' remaining points which are directed to procedural and evidentiary errors and to the proposition that the verdict of the jury is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong, each of which, if sustained, would require a reversal and remand of the cause for retrial.

In response to issues submitted, the jury found the appellant, Betty Jo Epps Gross, negligent in failing to apply her brakes, failing to keep a proper lookout, failing to swerve to the right, driving at excessive speed, and following too closely behind the Ford automobile, each of which acts or omissions was found to be a proximate cause of the collision. We have already alluded to the testimony of this appellant. We consider her testimony and the inferences which may reasonably be drawn therefrom to amply support the stated findings of the jury. In her brief this appellant neither attacks the jury findings nor the judgment entered thereon. That judgment is accordingly affirmed.

All issues requested by any of the appellants in support of their respective actions against the partnership, Texas Motors, were submitted to the jury and findings favorable to such appellees were returned by the jury. No attack is here made upon such findings nor upon the judgment entered thereon. That judgment is accordingly affirmed.

For the reasons stated, this Court concludes that the judgment in favor of ap-

pellees, Patricia Biggers et al., against appellant, Continental Bus System, Inc., must be reversed and judgment here rendered that the named appellees take nothing by their suit against such appellant; that the motion of appellees, Patricia Biggers et al., to affirm the judgment against appellant, Betty Jo Epps Gross and husband, upon certificate must be refused, but that such judgment must be affirmed upon the merits as to these appellants, and that in all other respects the judgment of the trial court insofar as it is appealed must be in all things affirmed. It is so ordered.