TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Appellant,

v.

Herman A. MUSICK, Appellee.

No. 7349.

Court of Civil Appeals of Texas.
Texarkana.

Sept. 5, 1961.

Rehearing Denied Oct. 3, 1961.

Vernon R. Berry, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

FANNING, Justice.

Texas Employers Insurance Association has appealed from a lump sum total permanent disability judgment rendered against it (less credit given for payment of compensation) in favor of Herman A. Musick in a workmen's compensation insurance case tried before a jury.

By its points 1 to 4 incl., appellant contends to the effect that the trial court erred in failing to submit any issue to the jury as to whether plaintiff sustained an accidental injury in the course of his employment on August 14, 1958, that the court's charge assumed that plaintiff sustained such an injury and was a comment on the weight of the evidence, that the judgment cannot be supported because there were no jury findings on such an issue and because the evidence did not establish as a matter of law that plaintiff sustained such an injury.

Appellee Musick testified that on August 14, 1958, while working by himself he hurt his back lifting a heavy pew back; that within 15 or 20 minutes thereafter he reported his injury to his superintendent who

sent a helper to help him. Musick further testified that he could not turn out the work he did before his injury, did not feel able to do the work, and was in constant pain, but worked on in pain through economic necessity until he was hospitalized on January 2, 1959. In October, 1958 Musick was treated by a chiropractor and by Dr. Travis on November 2, 1959. Appellant did not dispute by any testimony from any witness the testimony of Musick to the effect that he informed his superintendent of his injury on August 14, 1958, within 15 or 20 minutes after it occurred, nor his testimony as to the manner in which he did his work after August 14, 1958. Appellant paid Musick compensation in the sum of $2,660, 76 weeks at $35 per week, and paid Dr. Mahon and Dr. Wilcox.

While appellee's claim was pending before the Industrial Accident Board, on May 23, 1959, appellant insurance company demanded that surgery be had upon appellee "in accordance with Article 8306, Section 12e", advising that it had paid compensation from January 2, 1959 to May 15, 1959, and would continue payment of compensation until the Board acted upon its demand. By letter received by the Board on September 17, 1959, appellant confirmed its willingness to pay for the expenses of surgery and that it had paid compensation to date and would continue to do so "as set out" in its demand for surgery. Appellant's demand for surgery was granted by the Board; appellee was sent by the Board to Dr. Wilcox for surgery, and Dr. Wilcox operated on appellee's back, doing a fusion. Appellant paid Dr. Wilcox for the surgery and paid the hospital expenses in connection therewith.

■ In order to avail itself of the provisions of Art. 8306, Sec. 12e, Vernon's Ann. Civ.St., the insurer (among other things) must admit liability. Texas Employers' Ins. Ass'n v. Shelton, Tex., 339 S.W.2d 519; Truck Insurance Exchange v. Seelbach, Tex., 339 S.W.2d 521. Said Section 12e provides in part "In all cases where liability

for compensation exists for an injury sustained by an employé in the course of his employment"; from this language it is apparent that the insurer must admit liability for compensation for the injury and not merely liability alone for the expenses of the operation.

In this cause appellant in its demand for surgery did not admit general liability in express terms; neither did it deny general liability in express terms as did the insurer in the Shelton case, supra. However, after appellant's demand for surgery, timely filed and tendered while the claim was pending before the Industrial Accident Board, appellee at the direction of the Industrial Accident Board submitted to the surgical demand made by appellant, and surgery was performed pursuant thereto by Dr. Wilcox, which was paid for by appellant.

■ It is our view that general liability for the injury was foreclosed by the hereinbefore related actions and conduct of appellant and the events that transpired therefrom, and that appellant's points 1 to 4, incl., do not present error. For other authorities relating to the questions here involved see the following: Texas Employers' Ins. Ass'n v. Kubiak, Tex.Civ.App., 276 S.W.2d 909, wr. ref. n. r. e.; American General Ins. Co. v. Quinn, Tex.Civ.App., 277 S.W.2d 233, wr. ref. n. r. e.; Texas Employers' Ins. Ass'n v. Tally, 132 Tex. 547, 125 S.W.2d 544; National Mutual Cas. Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089.

Furthermore it is our considered view in the light of the record as a whole that the matters complained of by appellant in its points 1 through 4, incl., were not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the cause, and do not constitute reversible error under Rule 434, Texas Rules of Civil Procedure.

Appellant's points 1 to 4, incl., are overruled.

Appellant's points 5, 6, 7, 8, 9, and 10 are "no evidence", "insufficient evidence", and "against the overwhelming weight and preponderance of the evidence" points, attacking the judgment for total and permanent incapacity as a natural result of the injury of August 14, 1958, and attacking the judgment allowing appellee recovery for total incapacity for the period of August 14, 1958 to January 2, 1959.

There are many decisions of our Texas Supreme Court with respect to the consideration of "no evidence", "insufficient evidence", and "against the great weight and preponderance of the evidence" points. For a discussion of these matters see an article in the April, 1960 issue of the Texas Law Review, (38 Tex.L.Rev. 362) by Justice Calvert of the Texas Supreme Court, entitled " 'No Evidence' and 'Insufficient Evidence' Points of Error".

■ Musick's own testimony constituted evidence of probative force to support the judgment. He told of his injury on August 14, 1958, incurred in the course of his employment for his employer, while lifting a heavy pew back—he testified that within 15 or 20 minutes thereafter he reported this injury to his superintendent, and that he was furnished with a helper by his said employer's agent. The agent of the employer who purportedly received this notice of injury from Musick did not take the witness stand and deny Musick's testimony. Musick testified that, although he was unable to work, that he worked but did not turn out his usual work, and he worked in pain, through the force of economic necessity, and his pain grew continually worse until January 2, 1959 when he was hospitalized. He also testified as to his periods of hospitalization, his pain and suffering, the various treatments given, sedatives and pills given and taken, the surgical operation performed upon his back for a ruptured disc by Dr. Wilcox, the infection of the surgical wound, and his various aches, pains, disabilities and inability to work. Medical testimony of great length given by Dr. Mahon and Dr. Slade, supports the findings of total and permanent disability, and corroborates the lay testimony given by Musick as to his disabilities and incapacities. Testimony of Musick's wife also corroborates Musick's testimony in material respects. We have carefully considered the entire record in the case and hold that there was evidence of probative force to support the judgment for appellee in the respects complained of by appellant by its 5th and 8th points. Appellant's 5th and 8th points are overruled.

We further hold that the evidence was amply sufficient to support the judgment for appellee in the respects complained of by appellant in its 6th and 9th points, and appellant's 6th and 9th points are overruled.

We have carefully reviewed all of the evidence adduced in the case in the light of the rules announced by the Supreme Court of Texas in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and hold that the judgment for appellee in the respects complained of by appellant in its 7th and 10th points is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellant's 7th and 10th points are overruled.

■ Appellant by its points 12 through 17, incl., complains of jury argument made by appellee's counsel. Some of the arguments in question were objected to and some were not objected to. We have carefully examined the arguments in question, and are of the opinion that in the light of the record as a whole the arguments in question neither singly nor collectively would constitute reversible error under the record in this case. Rules 434 and 503, T.R.C.P.; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Ramirez v. Acker, 134 Tex. 647, 138 S.W. 2d 1054; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Whitener v. Traders & General Ins. Co., 155 Tex. 461, 289 S.W.2d 233; Walker v. Texas Employers Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298. Ap-

pellant's points 12 through 17, incl., are overruled.

Appellant's remaining points are deemed as not presenting reversible error and are overruled.

The judgment of the trial court is affirmed.